

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

DSS:SA/CHB                                      *271 Cadman Plaza East*
                                                *Brooklyn, New York  11201*


                                                March 21, 2012


<u>By Hand Delivery & ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:  United States v. Tyrone Wilson
                     <u>Criminal Docket No. 10-615 (S-2)(NGG)</u>

Dear Judge Garaufis:

        The government submits this letter in advance of the
defendant's sentencing, which is scheduled for March 23, 2011,
and in response to the defendant's sentencing letter.  The
defendant was indicted as part of a large-scale narcotics
distribution conspiracy in the Gowanus Public Housing Development
in Brooklyn and pleaded guilty pursuant to a plea agreement with
the government.  The government respectfully requests that the
Court sentence the defendant pursuant to the Guidelines range set
forth in the plea agreement.

I.        <u>Background</u>

        The defendant was arrested in August 2010 in connection
with a long-term investigation into a group of individuals
involved in the distribution of narcotics in and around the
Gowanus Public Housing Development in Brooklyn, New York.  An
undercover officer from the New York City Police Department
("NYPD") purchased crack cocaine from the defendant eight times
in April, May and June of 2010. <u>See</u> Presentence Investigation
Report (PSR) at ¶ 11.  In October 2010, the defendant and others
were charged in a multi-count superseding indictment.  The
defendant was charged with conspiring to distribute more than 50
grams of crack cocaine.  In September 2011, he pleaded guilty to
Count One of the indictment pursuant to a plea agreement.  There
is a five-year mandatory minimum sentence.  In the plea
agreement, the government estimated that the defendant's advisory
sentencing range under the Guidelines would be 57 to 71 months'
imprisonment.  That estimate was derived from a base offense

level of 26 (predicated on the offense involving at least 50 grams of crack cocaine), a three-point downward adjustment for acceptance of responsibility, and the defendant being in Criminal History Category III. Subsequent to his guilty plea, the defendant proffered regarding his involvement in the conspiracy and was not fully forthcoming in that proffer. In his agreement, the defendant agreed not to file an appeal or otherwise challenge his conviction or sentence if the Court sentenced him to 78 months or below.

The Probation Department calculated an advisory Guideline range of 46-57 months' imprisonment. See PSR Addendum at ¶ 78. The discrepancy between the government's estimated Guideline range and the Probation Department's calculation stems from the Probation Department's decision not to consider any of the defendant's prior convictions in its calculation of the defendant's criminal conduct. The government respectfully disagrees with Probation's decision and believes that the Court should appropriately consider the defendant's prior criminal convictions. Indeed, the defendant's prior convictions could subject him to enhanced sentencing as a career offender. Nevertheless, while the conduct underlying the prior convictions took place during the time period of the charged conspiracy, it was not included in the government's estimate of the drug weight used to calculate the relevant conduct set forth in the plea agreement. Thus there is no improper double counting for purposes of the defendant's Guidelines calculation. Regardless, the fact of the defendant's recidivism should certainly be considered by the Court in fashioning the appropriate sentence in this case. Finally, the defendant's limited proffer does not satisfy the requirements of the safety valve thus he is still subject to a five year mandatory minimum.

II.     Defendant's Sentencing Letter

By letter dated March 1, 2012, the defendant requests that the Court impose a sentence of 60 months, the applicable mandatory minimum sentence in this case. Among other objections to the initial PSR in this case, the defendant submitted his objections to the defendant's criminal history categorization, which were taken into consideration by Probation and, as set forth above, with which the Government respectfully disagrees. Additionally, the defendant asked that the Court take into consideration the fact that the defendant grew up in a "fractured family," the defendant's history of drug and alcohol abuse, and his network of current familial support in considering the appropriate sentence in this case. The Government does not object to these considerations and, given that the defendant's

2

request falls within the Guidelines set forth in the plea agreement, the Government does not object to the defendant's application.

III.    Conclusion

        Based on the foregoing, the government submits that a sentence within the Guidelines set out in the plea agreement is appropriate in this case.

                            Respectfully submitted,

                            LORETTA E. LYNCH
                            United States Attorney

                  By:          /s/
                            Shreve Ariail
                            Assistant U.S. Attorney
                            (718) 254-6616

cc:  Louis Freeman, Esq.